**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Teirra Black, as parent and next friend of J.D. and J.A.D., minors, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 19 cv 2585 |
| v. | ) ) | Judge Sara L. Ellis |
| Tamara Littlejohn and et al., | ) ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

NOW COME Defendants Board of Education of the City of Chicago ("Board"), Tamara Littlejohn, Renee Ryan, Lorie Green, Ms. Whitehead, and Ms. Williamson (collectively hereinafter "Defendants"), by and through their undersigned attorneys, Hinshaw & Culbertson LLP, and for their Answer and Affirmative Defenses to Plaintiff's Complaint and Jury Demand, state as follows:

**INTRODUCTION**

1.　　On February 18, 2019, 11-year-old 4th grade special-needs student J.D. came home from yet another horrific day of bullying at Carter G. Woodson Elementary School and attempted to take his own life. With his and his mother's continued pleas for relief to teachers and administrators ignored, J.D. saw no other way to stop the pain than to go into his bedroom, close the door, tie a bed sheet around his neck and hang himself on a coat hook. His suicide attempt was the result of over a year of chronic bullying and violent conduct at the hands of teachers and students at Evers Elementary and then Woodson Elementary. J.D.'s act of ultimate desperation has resulted in tragic consequences for him and his family as he remains hospitalized and ventilator dependent after suffering severe and permanent anoxic brain injury and chronic respiratory failure.

1

**ANSWER: Defendants deny the allegations contained in Paragraph 1.**

2.      J.D.'s suicide attempt followed the failure by school and Board officials to take any action to remedy the continuing bullying despite Plaintiff's repeated complaints to teachers, Woodson Elementary School principal Tamara Littlejohn, the unknown principal at Evers, the Board of Education of the City of Chicago and the Illinois State Board of Education. Instead of protecting J.D., officials at Woodson, Evers Elementary and the Board simply ignored his mother's desperate pleas to protect her young son.

**ANSWER: Defendants deny the allegations contained in Paragraph 2.**

3.      The shocking conduct and deliberate indifference perpetrated in this case by CPS teachers and officials were not limited to J.D. Violent attacks and deliberate indifference by CPS teachers and administrators towards special needs students at Woodson and other Chicago public schools are not uncommon. Prior to J.D.'s suicide attempt, incidents of violence and aggression against special needs children occurred at Evers Elementary, Woodson Elementary and the South Shore Fine Arts Academy. J.D. was the victim of teacher bullying and physical abuse at Evers Elementary before seeking refuge at Woodson. On June 21, 2018, Woodson Elementary special needs teacher Nakita Brown plead guilty to the criminal charge of battery for strangling a 9-year-old Woodson special needs student and dragging him headfirst down a flight of stairs. On or about November 13, 2018, Dean of Students at South Shore Fine Arts Academy, Christopher Thomas was arrested for Aggravated Battery to a Child for strangling a 9-year-old special needs student at South Shore Fine Arts Academy. Despite knowledge of this pattern of aggressive behavior and neglect, Defendant Board and Defendant Principal Littlejohn failed to take any adequate action to train or supervise its employees in order to prevent incidents of aggressive behavior and neglect, like those which led to J.D.'s suicide attempt.

**ANSWER: Defendants deny the allegations contained in Paragraph 3.**

**JURISDICTION AND VENUE**

4.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988; 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States, Title II of the Americans with Disabilities Act (ADA), §504 of the Rehabilitation Act and the Individuals with Disabilities Education Act, § 615(f)(3)(E)(ii), 20 U.S.C.A. § 1415(f)(3)(E)(ii); 34 C.F.R. § 300.513(a)(2); and pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

**ANSWER: Defendants admit that Plaintiff seeks to invoke the jurisdiction of the Court in the manner stated in Paragraph 4; however, Defendants deny that Plaintiff is entitled to any relief in this matter.**

5.      Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to whether all parties reside in this judicial district. Defendants admit that venue is proper; however, Defendants deny that Plaintiff is entitled to any relief in this matter.**

**THE PARTIES**

6.      J.D. is an 11-year-old boy who, due to a diagnosed learning disability, was a special education student at Woodson Elementary School and Evers Elementary at all relevant times. He resides in Chicago, Illinois.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to where J.D. currently resides. Defendants admit the remaining allegations contained in Paragraph 6.**

3

7.      J.A.D. is the 9-year-old sister of J.D. and was a special education student at Woodson Elementary School at all relevant times. She resides in Chicago, Illinois.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to where J.A.D. currently resides. Defendants admit the remaining allegations contained in Paragraph 7.**

8.      Plaintiff Teirra Black is the mother of J.D. and J.A.D. She resides in Chicago, Illinois.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to where Plaintiff Tierra Black currently resides. Defendants admit the remaining allegations contained in Paragraph 8.**

9.      On information and belief, the Defendant Ms. Whitehead was at all relevant times a teacher at Evers Elementary School in the City of Chicago and an employee and agent of the Board of Education of the City of Chicago (hereinafter "Board") acting within her scope of employment and under color of law.

**ANSWER: Defendants admit the allegations contained in Paragraph 9.**

10.      On information and belief, the Defendant unknown principal at Evers Elementary was at all relevant times the principal at Evers Elementary School in the City of Chicago and an employee and agent of the Board acting within her scope of employment and under color of law.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 as Plaintiff has not yet identified the "unknown principal at Evers Elementary."**

1020204\305351743.v17

11.     On information and belief, the Defendant Lorie Green was at all relevant times a teacher at Woodson Elementary School in the City of Chicago and an employee and agent of the Board acting within her scope of employment and under color of law.

**ANSWER: Defendants admit the allegations contained in Paragraph 11.**

12.     On information and belief, the Defendant Ms. Williamson was at all relevant times a teacher at Woodson Elementary School in the City of Chicago and an employee and agent of the Board acting within her scope of employment and under color of law.

**ANSWER: Defendants admit the allegations contained in Paragraph 12.**

13.     On information and belief, the Defendant Renee Ryan was at all relevant times a teacher at Woodson Elementary School in the City of Chicago and an employee and agent of the Board acting within her scope of employment and under color of law.

**ANSWER: Defendants admit the allegations contained in Paragraph 13.**

14.     On information and belief, the Defendant Tamara Littlejohn was at all relevant times the principal at Woodson Elementary School in the City of Chicago and an employee and agent of the Board acting within her scope of employment and under color of law.

**ANSWER: Defendants admit the allegations contained in Paragraph 14.**

15.     Defendant Board is a school system in Chicago, Illinois in charge of the management and operation of Woodson Elementary School located at or about 4414 S. Evans Ave. in Chicago, Illinois. The Board was at all relevant times the employer of Defendants Littlejohn, Green, Ryan, Williamson, Whitehead and the unknown principal at Evers.

**ANSWER: Defendants admit the allegations contained in Paragraph 15.**

1020204\305351743.v17

## FACTS

16.     On February 18, 2019, J.A.D. found her brother J.D. unresponsive and hanging from a coat hook with a sheet tied around his neck.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16.**

17.     In the year and months preceding J.D.'s suicide attempt, he was the victim of physical violence, psychological abuse, bullying, harassment, and aggressive behavior at Evers and Woodson Elementary schools by both teachers and students.

**ANSWER: Defendants deny the allegations contained in Paragraph 17.**

18.     J.D. was repeatedly called derogatory names by teachers and students. He was repeatedly called "stupid," "dumb," and "retarded" and joked that he would end up at a facility for students with mental disabilities.

**ANSWER: Defendants deny the allegations contained in Paragraph 18.**

19.     Evers Elementary teacher Defendant Whitehead called him "dirty," "stupid," "nappy-headed," and asked him if his "brillo hair was the reason he couldn't read." Ms. Whitehead made the comments in front of the class who would laugh aloud at J.D.

**ANSWER: Defendants deny the allegations contained in Paragraph 19.**

20.     In February of 2018, Ms. Whitehead hit J.D. causing injury. Plaintiff Teirra Black called police and filed a police report regarding the criminal conduct of Ms. Whitehead.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff Teirra Black called police and filed a police report regarding Ms. Whitehead.  Defendants deny the remaining allegations contained in Paragraph 20.**

1020204\305351743.v17

21.     Teachers and security guards regularly called J.D. names in the presence of Evers student and parents of other Evers students.

**ANSWER: Defendants deny the allegations contained in Paragraph 21.**

22.     As a result of this continued abuse by teachers and students at Evers Elementary, Plaintiff Teirra Black sought relief by transferring J.D. to Woodson Elementary.

**ANSWER: Defendants deny the allegations contained in Paragraph 22.**

23.     In or about October of 2018, Defendant Renee Ryan grabbed J.D. by the back of his neck and struck him across the face.

**ANSWER: Defendants deny the allegations contained in Paragraph 23.**

24.     In or about December of 2018, Defendant Ms. Williamson at Woodson Elementary punched, choked and shoved J.D.'s head against a wall, leaving marks on his chest and arms. These marks were shown to Defendant Littlejohn.

**ANSWER: Defendants deny the allegations contained in Paragraph 24.**

25.     In or about December 2018, a group of students physically attacked J.D. in class, resulting in bruises to his body. Despite the obvious trauma suffered by J.D. Defendant Littlejohn recklessly and deliberately withheld this event from Plaintiff Teirra Black.

**ANSWER: Defendants deny the allegations contained in Paragraph 25.**

26.     Defendants Green and Ryan at Woodson grabbed and scratched J.D. on at least two occasions within the year prior to his attempted suicide without just cause or provocation.

**ANSWER: Defendants deny the allegations contained in Paragraph 26.**

1020204\305351743.v17

27. Due to the emotional and physical abuse suffered by J.D. while at school, Teirra Black repeatedly informed Defendant Littlejohn, various school staff and administrators, the Board of Education of the City of Chicago and finally the Illinois Board of Education. Despite these repeated pleas for help, Defendant Littlejohn, Defendant unknown principal at Evers and the Defendant Board failed to take any steps to protect J.D.

**ANSWER: Defendants deny the allegations contained in Paragraph 27.**

28. Defendant Principal Littlejohn's and Defendant unknown Evers principal's indifference to J.D.'s plight and his mother's pleas were both deliberate and willful.

**ANSWER: Defendants deny the allegations contained in Paragraph 28.**

29. Defendant Littlejohn failed to take any steps to stop and prevent the bullying experienced by J.D. Nor did she as a mandated reporter take appropriate steps to comply with Illinois law which requires that mandated reporters report abuse by any caretaker to DCFS.

**ANSWER: Defendants deny the allegations contained in Paragraph 29.**

30. Defendant unknown Evers principal failed to take any steps to stop and prevent the bullying experienced by J.D. Nor did she as a mandated reporter take appropriate steps to comply with Illinois law which requires that mandated reporters report abuse by any caretaker to DCFS.

**ANSWER: Defendants deny the allegations contained in Paragraph 30.**

1020204\305351743.v17

31. Defendant Board and Defendant Littlejohn were aware of the continuing bullying and harassment suffered by J.D. at Woodson for over a year prior to the suicide attempt. Defendant Board and Defendant Littlejohn have known of the identity of the perpetrators of the harassment since that time and either took no corrective action or took insufficient action.

**ANSWER: Defendants deny the allegations contained in Paragraph 31.**

32. The harassment, bullying, physical attacks, and aggressive behavior perpetrated upon J.D. were offensive, unwanted, and interfered with his educational environment and deprived him of the educational opportunities and benefits provided by Defendant Board.

**ANSWER: Defendants deny the allegations contained in Paragraph 32.**

33. Plaintiff Teirra Black's daughter, J.A.D., was also the victim of bullying while at Woodson. J.A.D. was hit in the head, had her hair pulled and called names. On one occasion, a student pulled down J.A.D.'s pants in front of a group of students. Defendant Littlejohn failed to intervene in any way, despite having actual knowledge.

**ANSWER: Defendants deny the allegations contained in Paragraph 33.**

34. On information and belief, other parents of Woodson students have also complained about bullying at the school only to be met with inaction by school and Board officials.

**ANSWER: Defendants deny the allegations contained in Paragraph 34.**

35. Various studies have found a connection between bullying and suicide in young individuals. The phenomenon is sometimes colloquially referred to as "bullycide."

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35.**

1020204\305351743.v17

36.     These studies have concluded that bullying is a significant contributor to suicidal ideation.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36.**

37.     Frequent physical assault is also linked to increased odds of suicidal ideation.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37.**

38.     A review of cross-sectional and longitudinal findings showed "an increased risk of suicidal ideation and (or) suicide attempts associated with bullying behavior."

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38.**

39.     The Illinois General Assembly has found that a safe and civil school environment is necessary for students to learn and achieve and that bullying causes physical, psychological, and emotional harm to students and interferes with students' ability to learn and participate in school activities, and also that bullying has been linked to various forms of antisocial behavior. As a result, the Illinois legislature has enacted legislation regarding bullying prevention, codified in 105 ILCS 5/27-23.7.

**ANSWER: Defendants admit that  Illinois legislature enacted legislation codified in 105 ILCS 5/27-23.7. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 39.**

1020204\305351743.v17

40.      The Board also recognizes the adverse and potentially tragic consequences of bullying, having enacted an Anti-Bullying Policy that was in effect at the time of J.D.'s suicide attempt. Despite this written policy, the Board had a de facto policy in place that allowed bullying and harassing behavior to flourish in its schools as set forth herein.

**ANSWER: Defendants admit that the Board recognizes the adverse and potentially tragic consequences of bullying and enacted an Anti-Bullying Policy that was in effect at the time of J.D.'s suicide attempt. Defendants deny the remaining allegations contained in Paragraph 40.**

<u>**COUNT I—EQUAL PROTECTION (Section 1983)**</u>
**(on behalf of J.D. and J.A.D. against all Defendants)**

41.      Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER: Defendants re-answers paragraphs 1 through 40 above as though fully set forth herein.**

42.      J.D. and J.A.D. have a clearly established right of equal access to all benefits and privileges of a public education and a right to be free from offensive harassment in school.

**ANSWER: Defendants admit the allegations in Paragraph 42 only to the extent required by law.**

43.      Defendants have, under color of law, deprived J.D. and J.A.D. of the rights, privileges, and immunities afforded to them by the United States Constitution, including the right to equal protection under the Fourteenth Amendment.

**ANSWER: Defendants deny the allegations contained in Paragraph 43.**

1020204\305351743.v17

44.     Defendants violated the equal protection rights of J.D. and J.A.D. when they treated students who were victims of bullying and aggressive behavior by students and teachers differently than students who were in accidents at school. While students who experience accidents at school are given appropriate and adequate medical treatment, and their parents are informed of the incident, students such as J.D. and J.A.D. who are victims of bullying and aggressive behavior are not protected, their medical needs are not taken seriously, and their parents are not informed of the incident or injury, thus depriving them of the ability to protect their children.

**ANSWER: Defendants deny the allegations contained in Paragraph 44.**

45.     Defendants violated the equal protection rights of J.D. and J.A.D. when they acted with deliberate indifference to Plaintiff's complaints about the harassment and bullying of J.D. and J.A.D. which was directed at them because of their disabilities. On information and belief, complaints regarding students who are not special education students are treated differently than complaints of behavior against special education students.

**ANSWER: Defendants deny the allegations contained in Paragraph 45.**

46.     The above actions and omissions by Defendants were deliberate and intentional and exhibit deliberate indifference to and/or reckless disregard for the constitutional rights of J.D., J.A.D., and other similarly situated students, all in violation of their constitutional rights.

**ANSWER: Defendants deny the allegations contained in Paragraph 46.**

47.     There is no rational basis in treating the aforementioned groups in paragraphs 44 and 45 differently.

**ANSWER: Defendants deny the allegations contained in Paragraph 47.**

1020204\305351743.v17

48.     In the alternative, J.D. and J.A.D. were each a class of one: there was no rational basis to justify the unequal treatment he or she faced, regardless of their membership in a protected class.

**ANSWER: Defendants deny the allegations contained in Paragraph 48.**

49.     As a direct and proximate consequence of the Defendants' conduct, J.D. and J.A.D. suffered damages, including without limitation violations of their constitutional rights, chronic respiratory failure, anoxic brain injury, emotional anxiety, fear, pain and suffering, and monetary expense.

**ANSWER: Defendants deny the allegations contained in Paragraph 49.**

<u>**COUNT II—TITLE II OF THE ADA**</u>
**(on behalf of J.D. and J.A.D. against Defendant Board)**

50.     Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER: Defendants re-answers paragraphs 1 through 50 above as though fully set forth herein.**

51.     The actions of the Defendants as set forth hereto constitute a violation of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12131, et seq.

**ANSWER: Defendants deny the allegations contained in Paragraph 51.**

52.     Due to the status of J.D. and J.A.D. as special education students, J.D. and J.A.D. are each a "qualified individual with a disability" as defined in 42 U.S.C. § 12131.

**ANSWER: Defendants deny the allegations contained in Paragraph 52.**

53.     Woodson Elementary School and Evers Elementary School, operated by Defendant Board, are "public entities" as defined in 42 U.S.C. § 12131(1) and receive federal financial assistance so as to be covered by the mandate of the ADA.

**ANSWER: Defendants admit the allegations in Paragraph 53 only to the extent**

1020204\305351743.v17

**required by law.**

54.     Woodson and Evers Elementary Schools provide a facility whose operation constitutes a program and services for ADA purposes.

**ANSWER: Defendants admit the allegations in Paragraph 54 only to the extent required by law.**

55.     Accordingly, pursuant to 42 U.S.C. § 12132, no qualified individual with a disability shall be denied the benefits of the services, programs, or activities of a public entity.

**ANSWER: Defendants admit the allegations in Paragraph 55 only to the extent required by law.**

56.     As the Board failed to adequately accommodate the disabilities of J.D. or J.A.D. or make necessary modifications in their environments, commensurate with their unique and individualized needs, and they were therefore denied such benefits due to their disabilities, the Board violated the rights of J.D. and J.A.D. pursuant to the ADA.

**ANSWER: Defendants deny the allegations contained in Paragraph 56.**

57.     The harassment set forth herein was sufficiently severe and pervasive that it altered the conditions of J.D and J.A.D.'s education and created an abusive educational environment.

**ANSWER: Defendants deny the allegations contained in Paragraph 57.**

58.     As set forth herein, the Defendants knew of the aggressive behavior experienced by J.D. and J.A.D. and were deliberately indifferent to their experiences their rights as students with disabilities.

**ANSWER: Defendants deny the allegations contained in Paragraph 58.**

59. As a direct and proximate consequence of the Defendant's conduct, J.D. and J.A.D. suffered damages, including without limitation violations of their constitutional rights, anoxic brain injury, chronic respiratory failure, emotional anxiety, fear, pain and suffering, and monetary expense.

**ANSWER: Defendants deny the allegations contained in Paragraph 59.**

<u>**COUNT III—SECTION 504 OF THE REHABILITATION ACT**</u>
**(on behalf of J.D. and J.A.D. against Defendant Board)**

60. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER: Defendants re-answers paragraphs 1 through 59 above as though fully set forth herein.**

61. The actions of the Defendant as set forth hereto constitute a violation of the Rehabilitation Act, 29 U.S.C. § 794.

**ANSWER: Defendants deny the allegations contained in Paragraph 61.**

62. J.D. and J.A.D. are eligible disabled students and as such are entitled to a free appropriate public education from Defendant Board and an equal opportunity to benefit from the public services. 29 U.S.C. § 705(20)(B); 34 C.F.R. Part 104.

**ANSWER: Defendants deny the allegations contained in Paragraph 62.**

1020204\305351743.v17

63.     Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 and its implementing regulations, require that each state that receives disbursements, including the state's political subdivisions such as local school districts, must ensure all students with disabilities are given appropriate and necessary accommodations, pursuant to federal law and rules. To the degree that a policy or practice hinders honest consideration of a disabled child's unique needs and fails to accommodate that child's disability and keep the student safe, it violates Section 504.

**ANSWER: Defendants admit the allegations in Paragraph 63 only to the extent required by law.**

64.     Defendants' failure to ensure J.D. and J.A.D.'s safety in an educational setting and allowance of a hostile learning environment contributed to violating the rights of J.D. and J.A.D. under Section 504, as well as federal rules and regulations promulgated pursuant thereto.

**ANSWER: Defendants deny the allegations contained in Paragraph 64.**

65.     As set forth herein, the abuse directed at J.D. and J.A.D. were directed at them because of their disabilities.

**ANSWER: Defendants deny the allegations contained in Paragraph 65.**

66.     The harassment set forth herein was sufficiently severe and pervasive that it altered the conditions of J.D. and J.A.D.'s education and created an abusive education environment.

**ANSWER: Defendants deny the allegations contained in Paragraph 66.**

1020204\305351743.v17

67.     As set forth herein, the Defendants knew of the aggressive behavior experienced by J.D. and J.A.D. and were deliberately indifferent to their experiences their rights as students with disabilities. J.D. and J.A.D. were denied their education and non-academic benefits and services by reason of their disabilities in violation of Section 504. 29 U.S.C. § 794(a).

**ANSWER: Defendants deny the allegations contained in Paragraph 67.**

68.     As a direct and proximate consequence of the Defendant's conduct, J.D. and J.A.D. suffered damages, including without limitation violations of their constitutional rights, anoxic brain injury, chronic respiratory failure, emotional anxiety, fear, pain and suffering, and monetary expense.

**ANSWER: Defendants deny the allegations contained in Paragraph 68.**

## COUNT IV—SUBSTANTIVE DUE PROCESS (Section 1983)
### (on behalf of J.D. and J.A.D. against all Defendants)

69.     Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER: Defendants re-answers paragraphs 1 through 68 above as though fully set forth herein.**

70.     That J.D. and J.A.D. have clearly established right to equal access to all benefits and privileges of a public education and a right to be free from the illegal practices and policies set forth herein.

**ANSWER: Defendants admit the allegations in Paragraph 70 only to the extent required by law.**

1020204\305351743.v17

71.     Defendants have, under color of law, deprived J.D. and J.A.D. of the rights, privileges, and immunities afforded to them by the United States Constitution, including the right to due process under the Fourteenth Amendment, and specifically the right to be free from affirmative actions directly increasing J.D. or J.A.D's vulnerability or otherwise placing them in danger and taking away from Plaintiff her ability to protect them.

**ANSWER: Defendants deny the allegations contained in Paragraph 71.**

72.     Defendants acted with deliberate indifference when they ignored Plaintiff's complaints and put J.D.'s life at risk and caused him to suffer gravely before his suicide attempt. Defendants acted with deliberate indifference when they concealed from Plaintiff the danger J.D. was in at school.

**ANSWER: Defendants deny the allegations contained in Paragraph 72.**

73.     The actions of the Defendants, as described above, were arbitrary and capricious and shock the conscience.

**ANSWER: Defendants deny the allegations contained in Paragraph 73.**

## COUNT V—EXCESSIVE FORCE (Section 1983)
### (on behalf of J.D. against Defendants Ryan, Green, Whitehead, and Williamson)

74.     Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER: Defendants re-answers paragraphs 1 through 73 above as though fully set forth herein.**

75.     The actions of Defendants Ryan, Green, Whitehead and Williamson as set forth hereto constitute excessive force against Plaintiff J.D., thus violating his rights under the United States Constitution and 42 U.S.C. Section 1983.

**ANSWER: Defendants deny the allegations contained in Paragraph 75.**

1020204\305351743.v17

76.     Said actions of Defendant Ryan, Green, Whitehead and Williamson were intentional, willful and wanton and committed with reckless disregard for J.D.'s rights.

**ANSWER: Defendants deny the allegations contained in Paragraph 76.**

77.     Said actions of the Defendant were objectively unreasonable under the circumstances.

**ANSWER: Defendants deny the allegations contained in Paragraph 77.**

78.     As a direct and proximate consequence of the Defendant's conduct, J.D. suffered damages, including without limitation violations of his constitutional rights, anoxic brain injury, chronic respiratory failure, emotional anxiety, fear, pain and suffering, and monetary expense.

**ANSWER: Defendants deny the allegations contained in Paragraph 78.**

### COUNT VI— *MONELL* (Section 1983)
### (against Defendant Board)

79.     Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER: Defendants re-answers paragraphs 1 through 79 above as though fully set forth herein.**

80.     At the time of the incidents giving rise to this complaint and for a period of time prior thereto, Defendant Board had notice of a widespread practice under which students, particularly special education students such as J.D. and J.A.D., were routinely subjected to harassment, aggressive behavior or neglect by either employees or students. For instance:

      a. On March 1, 2016, 9-year-old special education student N.C. was physically attacked by his special education teacher, Nikita Brown. He was strangled in the classroom and then dragged by Brown headfirst down the stairs. The

1020204\305351743.v17

incident was captured on video, and Brown was ultimately plead guilty to the battery as a result of her criminal, violent conduct. Prior to this incident, Littlejohn had received multiple complaints about Brown's aggressive behavior towards both students and staff including their explicit concerns that she posed a danger to their safety, but failed to take the necessary corrective action to address the situation. Nor did Littlejohn report the incident with Brown and N.C. to DCFS as required under the law.

b. On September 28, 2018, 9-year-old special education student M.S. was physically attacked and choked by Dean of Students Christopher Thomas at South Shore Fine Arts Academy. Criminal charges against Thomas are pending.

c. On November 5, 2018, 7-year-old special education student D.A., who has Down syndrome, wandered away from Woodson and walked into a nearby citizen's home. When the citizen returned D.A. to the school, school staff appeared unconcerned.

**ANSWER: Defendants deny the allegations contained in Paragraph 80.**

81. Defendant Board had de facto practices, policies, and procedures in place that failed to require or enforce the reporting of physical or verbal abuse of special education/disabled students by Board employees and students; failed to correctly train its personnel regarding disabilities and required accommodations; and failed to properly supervise and monitor employees and school areas such as classrooms.

**ANSWER: Defendants deny the allegations contained in Paragraph 81.**

20

82.     Defendant Board had de facto practices, policies, and procedures in place whereby it failed to provide or ensure the appropriate implementation of an adequate policy to guide defendants, school officials, and teachers responding to bullying, violence, and student-on- student and teacher-on-student aggression such as what happened to students like J.D. and J.A.D.

**ANSWER: Defendants deny the allegations contained in Paragraph 82.**

83.     Defendant Board had de facto practices, policies, and procedures in place whereby it failed to adequately train and supervise defendants, school officials, and teachers in their interactions with students, including without limitation how to respond to incidents like those experienced by students like J.D. and J.A.D.

**ANSWER: Defendants deny the allegations contained in Paragraph 83.**

84.     Defendant Board had de facto practices, policies, and procedures in place whereby it failed to conduct a meaningful investigation into the actions of Defendants and other school officials alleged to have committed misconduct, thus ratifying their actions as official policy and causing the Board to be liable for their constitutional violations.

**ANSWER: Defendants deny the allegations contained in Paragraph 84.**

85.     Defendant Board had de facto practices, policies, and procedures in place whereby it failed to conduct meaningful investigations into allegations of bullying or aggressive behavior or to adequately discipline or reprimand the offenders and ensure an appropriate modification in the environment for victims of bullying.

**ANSWER: Defendants deny the allegations contained in Paragraph 85.**

1020204\305351743.v17

86.     Defendant Board's rules, regulations, customs, policies, practices, usages, procedures, inadequate training and supervision, and ratification of the Defendants' actions, were all inadequate and unreasonable and were the proximate cause of J.D. and J.A.D.'s injuries and the moving force behind the constitutional deprivations suffered by J.D. and J.A.D.

**ANSWER: Defendants deny the allegations contained in Paragraph 86.**

### COUNT VII—WILLFUL AND WANTON SUPERVISION (state law claim)
**(on behalf of J.D. and J.A.D. against Defendants Littlejohn, unknown principal at Evers, and Board)**

87.     Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER: Defendants re-answers paragraphs 1 through 86 above as though fully set forth herein.**

88.     At all relevant times, the Board, Defendant Littlejohn and Defendant unknown Evers principal owed a duty to Plaintiff, including without limitation to:

   a.   Provide for students' safety, which includes safeguarding students from harmful conduct that may be undertaken by teachers;

   b.   Exercise reasonable care in supervising employees to ensure that they did not pose a danger or create an unreasonable risk of harm to other individuals that they were heaving properly during their encounters with students and staff,

   c.   Provide students, including those with disabilities, a learning environment that is not hostile,

   d.   Properly address allegations of harassment and/or discrimination, and

   e.   Prevent discrimination on the basis of disability.

1020204\305351743.v17

**ANSWER: Defendants admit that the duties alleged in Paragraph 88 existed only to the extent required by law, but deny that they breached any duty owed.**

89.     As set forth hereto, said actions of the Defendants were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

**ANSWER: Defendants deny the allegations contained in Paragraph 89.**

90.     Said actions of the Defendants were objectively unreasonable under the circumstances.

**ANSWER: Defendants deny the allegations contained in Paragraph 90.**

91.     As a direct and proximate consequence of the Defendants' conduct, the Plaintiff suffered damages, including without limitation violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary expense.

**ANSWER: Defendants deny the allegations contained in Paragraph 91.**

### COUNT VIII—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (state law claim)
**(on behalf of J.D., J.A.D. and Plaintiff against all Defendants)**

92.     Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER: Defendants re-answers paragraphs 1 through 91 above as though fully set forth herein.**

93.     As set forth hereto, Defendants committed one or more of the following extreme and outrageous acts against J.D. and J.A.D.:

a. Teacher-on-student verbal and physical abuse,

b. Refusal to stop and the encouragement of student-on-student harassment,

c. Refusal to stop teacher-on-student and student-on-student harassment after

1020204\305351743.v17

being notified of incidents by Plaintiff and asked by Plaintiff to intervene.

**ANSWER: Defendants deny the allegations contained in Paragraph 93.**

94.     Defendants' extreme and outrageous conduct was done with the intent to cause severe emotional distress to Plaintiff or with reckless disregard of the high likelihood of causing severe emotional distress.

**ANSWER: Defendants deny the allegations contained in Paragraph 94.**

95.     Defendants' extreme and outrageous conduct caused Plaintiff to suffer severe emotional distress.

**ANSWER: Defendants deny the allegations contained in Paragraph 95.**

96.     As a direct and proximate consequence of the Defendants' conduct, J.D. and J.A.D. suffered damages, including without limitation violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary expense.

**ANSWER: Defendants deny the allegations contained in Paragraph 96.**

<u>**COUNT IX — BATTERY (state law claim)**</u>
**(on behalf of J.D. against Defendants Green, Ryan, Whitehead, Williamson)**

97.     Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER: Defendants re-answers paragraphs 1 through 97 above as though fully set forth herein.**

98.     As set forth hereto, the Defendants Lori Green and Renee Ryan, Ms. Whitehead and Ms. Williamson offensively touched J.D. intentionally, with malice, and without justification or consent, thus constituting battery under Illinois law.

**ANSWER: Defendants deny the allegations contained in Paragraph 98.**

1020204\305351743.v17

99.     As a direct and proximate result of the Defendant's actions, J.D. suffered bodily harm.

**ANSWER: Defendants deny the allegations contained in Paragraph 99.**

<u>COUNT X—ILLINOIS HATE CRIME (state law claim)</u>
**(on behalf of J.D. and J.A.D. against Defendants Ryan, Green, Whitehead and Williamson)**

100.     Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER: Defendants re-answers paragraphs 1 through 100 above as though fully set forth herein.**

101.     "A person commits a hate crime when, by virtue of actual or perceived…. disability…of another individual or group of individuals, regardless of the existence of any other motivating factors, he commits assault, battery, aggravated assault, intimidation…or disorderly conduct…". 720 ILCS 5/12-7.1(a).

**ANSWER: Defendants admit the allegations in Paragraph 101 only to the extent required by law.**

102.     As set forth herein, the verbal and physical abuse directed at J.D. and J.A.D. were because of their disability.

**ANSWER: Defendants deny the allegations contained in Paragraph 102.**

103.     As a direct and proximate consequence of the Defendant's conduct, the Plaintiff suffered damages, including without limitation violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary expense.

**ANSWER: Defendants deny the allegations contained in Paragraph 103.**

1020204\305351743.v17

## COUNT XI—INDEMNIFICATION

104.    Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER: Defendants re-answers paragraphs 1 through 103 above as though fully set forth herein.**

105.    At all relevant times, Defendant Board was the employer of the individual Defendants.

**ANSWER: Defendants admit the allegations contained in Paragraph 105.**

106.    The individual Defendants committed the acts alleged above under the color of law and in the scope of their employment as employees of the Board.

**ANSWER: Defendants admit that Individual Defendants acted under color of law and in the scope of their employment as employees of the Board. Defendants deny any wrongdoing and deny Individuals Defendants committed the acts as alleged by Plaintiff.**

107.    In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER: Defendants admit the allegations contained in Paragraph 107 only to the extent required  by law.**

108.    As a proximate cause of the unlawful acts of the individual Defendants, which occurred within the scope of their employment, J.D. and J.A.D. were injured.

**ANSWER: Defendants deny the allegations contained in Paragraph 108.**

1020204\305351743.v17

## COUNT XII—RESPONDEAT SUPERIOR

109.    Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER: Defendants re-answers paragraphs 1 through 109 above as though fully set forth herein.**

110.    In committing the acts alleged in the preceding paragraphs, the individual Defendants were agents of the Board and were acting at all relevant times within the scope of their employment and under color of law.

**ANSWER: Defendants admit that Individual Defendants acted under color of law and in the scope of their employment as employees of the Board. Defendants deny any wrongdoing and deny Individuals Defendants committed the acts as alleged by Plaintiff.**

111.    Defendant Board is liable as principal for all torts committed by its agents.

**ANSWER: Defendants deny the allegations contained in Paragraph 111.**

## AFFIRMATIVE DEFENSES

NOW COME Defendants Board of Education of the City of Chicago ("Board"), Tamara Littlejohn, Renee Ryan, Lorie Green, Ms. Whitehead, and Ms. Williamson (collectively hereinafter "Defendants"), by and through their attorneys, Hinshaw & Culbertson LLP, and state the following Affirmative Defenses:

### 1.  Qualified Immunity

Without waiving their denials to Plaintiff's allegations, at all times during the events alleged against Individual Defendants, a reasonable government official objectively viewing the facts and circumstances then confronting Individual Defendants could have reasonably believed that the actions taken by them were objectively reasonable and were within

constitutional limits that were clearly established at the time. Individual Defendants, therefore, are entitled to qualified immunity.

### 2. Administrative Remedies

Plaintiff's Title II and Section 504 claims are subject to the exhaustion requirements of the IDEA, and she has failed to exhaust. IDEA requires that a plaintiff seeking relief for the denial of a "free appropriate public education" ("FAPE") must exhaust its procedures before filing an action under Title II or Section 504. *Fry v. Napoleon Cmty. Sch*., 137 S. Ct. 743, 752 (2017). A plaintiff "cannot escape §1415(l) [the IDEA] merely by bringing her suit under a statute other than the IDEA." *Id.* at 754. "It requires exhaustion when the gravamen of a complaint seeks redress for a school's failure to provide a FAPE, even if not phrased or framed in precisely that way." *Id.* at 755. Because Plaintiff's Title II and Section 504 claims could not have occurred at a non-school public facility and could not be brought by an adult at the school, "the complaint probably does concern a FAPE." *Id.* at 756. Both claims focus on the conditions of J.D.'s education, which concern a FAPE. *See* Complaint at ¶¶ 56-57, 64. As such, Plaintiff failed to exhaust the IDEA.

### 3. Statute of Limitations

Plaintiff's excessive force claim as to Ms. Whitehead's alleged physical interaction with J.D. is time-barred under the one year statute of limitations. This alleged incident allegedly occurred in February of 2018 and Plaintiff filed her complaint over a year later on April 16, 2019. For the same reasons, Plaintiff's hate crime claim as to Ms. Whitehead's alleged physical interaction with J.D. is time-bared.

### 4. Preemption

Tort claims that are "inextricably linked" to a cause of action arising under the Illinois Human Rights Act are preempted. *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000). Plaintiff's hate crime claim is "inextricably linked" to a cause of action arising under

the Illinois Human Rights Act as it deals with disability discrimination in public accommodations such as schools. As such, Plaintiff's hate crime claim is preempted.

**5. Punitive Damages Not Allowed Against Board of Education**

745 ILCS 10/2-102 of the Illinois Tort Immunity Act provides as follows: "A local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party." Accordingly, the City of Chicago Board of Education is immune from punitive or exemplary damages awards. *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247 (1981).

**6. 745 ILCS 10/2-205 - Adoption or Failure to Adopt Enactment**

Pursuant to 745 ILCS 10/2-205, Defendants are not liable for any injury caused by their adoption of an enactment, failure to adopt an enactment, or their enforcement or failure to enforce any law.

**7. 745 ILCS 10/2-106 - Oral Promise or Misrepresentation**

Under 745 ILCS 10/2-106, the City of Chicago Board of Education is not liable for any injury caused by an oral promise or misrepresentation of its employee, whether or not such promise or misrepresentation is negligent or intentional.

**8. 745 ILCS 10/2-107 - Libelous or Slanderous**

Pursuant to the Illinois Tort Immunity Act, the City of Chicago Board of Education is not liable for injury caused by any action of its employees that is libelous or slanderous or for the provision of information either orally, in writing, by computer or any other electronic transmission, or in a book or other form of library material.

**9. 745 ILCS 10/2-109 - Acts or Omission of Another Person**

The City of Chicago Board of Education is not liable to Plaintiff if its employees or agents are not liable to Plaintiffs. 745 ILCS 10/2-109. 745 ILCS 10/2-109 of the Illinois Tort

1020204\305351743.v17

Immunity Act provides as follows: "A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable."

### 10. 745 ILCS 10/2-201 – Discretional Acts

Individual Defendants are immune from Plaintiff's state law claims under 745 ILCS 10/2-201 of the Illinois Tort Immunity Act which provides as follows: "Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused."

### 11. ILCS 10/2-202 – Willful and Wanton Conduct

Under the Illinois Tort Immunity Act, Individual Defendants are not liable for any of the state law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202. Plaintiff's state law claims of willful and wanton supervision and IIED claims against Principal Littlejohn and an unknown principal at Evers and the Board. relies on Principals' acts and omissions in handling bullying incidents. Such policy determinations and exercises of discretion are covered by sections 2-109 and 2-201.

### 12. 745 ILCS 10/2-204 - Acts or Omission of Another Person

Individual Defendants are not liable to Plaintiff for an injury caused by another person. 745 ILCS 10/2-204 of the Illinois Tort Immunity Act which provides as follows: "Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person."

1020204\305351743.v17

### 13. 745 ILCS 10/2-213 – Punitive/Exemplary Damages

Individual Defendants are immune from punitive or exemplary damages in Plaintiff's state law claims under 745 ILCS 10/2-213 of the Illinois Tort Immunity Act which provides as follows: "Notwithstanding any other provision of law, a public employee is not liable to pay punitive or exemplary damages in actions brought against the employee based on an injury allegedly arising out of an act or omission occurring within the scope of employment of such an employee serving in a position involving the determination of policy or the exercise of discretion when the injury is the result of an act or omission occurring in the performance of any legislative, quasi-legislative or quasi-judicial function, even though abused."

### 14. Comparative Fault

Pursuant to 735 ILCS 5/2-1116(c), if Plaintiff or J.D. was more than 50 percent (50%) of the proximate cause of the injuries or damage for which Plaintiff seeks recovery, Plaintiff is barred from any recovery. If Plaintiff or J.D.'s contributory fault was less than 50 percent (50%) of the proximate cause of the alleged injuries or damage for which Plaintiff seeks recovery, then any economic or non-economic damages allowed shall be diminished by the percentage of contributory fault assessed by the trier of fact to have proximately caused, in whole or in part, the alleged injuries or damage for which Plaintiff seeks recovery.

### 15. Mitigation

To the extent Plaintiff or J.D. failed to mitigate any claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff and J.D. had a duty to mitigate claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff and J.D. by the jury in this case.

1020204\305351743.v17

**16. 745 ILCS 10/2-302**

Under the Illinois Tort Immunity Act, the City of Chicago Board of Education is barred from paying any portion of a judgment representing an award of punitive or exemplary damages against any of its employees. 745 ILCS 10/2-302.

**17. 745 ILCS 10/9-102**

Under the Illinois Tort Immunity Act, the City of Chicago Board of Education is not required to pay any tort judgment or settlement for any damages for which its employee was acting outside the scope of his or her employment. 745 ILCS 10/9-102.

**18. Attorney Fees**

Plaintiff is not entitled to attorney fees for her state law claims. *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (Ill. 1979).

**JURY DEMAND**

NOW COME Defendants Board of Education of the City of Chicago ("Board"), Tamara Littlejohn, Renee Ryan, Lorie Green, Ms. Whitehead, and Ms. Williamson, by and through their attorneys, Hinshaw & Culbertson LLP, and respectfully request a trial by jury.


WHEREFORE, based on the foregoing, Defendants respectfully request that this Honorable Court grant judgment in their favor and against the Plaintiff on all aspects of the Complaint and further requests that this Honorable Court grant them fees, costs, and such other relief that this court deems just and appropriate.


Date: March 16, 2020                                    Respectfully submitted,


                                                        HINSHAW & CULBERTSON LLP

                                                        s/ *Vincent M. Rizzo*
                                                        Vincent M. Rizzo

1020204\305351743.v17

Matthew P. Walsh
Vincent M. Rizzo
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
mwalsh@hinshawlaw.com
vrizzo@hinshawlaw.com

1020204\305351743.v17